IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ron Brown, | ) |
| | ) |
| *Plaintiff*, | ) |
| | )    20-cv- |
| *-vs-* | ) |
| | ) |
| Thomas Dart, Sheriff of Cook | ) |
| County, and Cook County, Illinois, | ) |
| | ) |
| | ) |
| *Defendants.* | ) |

# COMPLAINT

Plaintiff Ron Brown, by counsel, alleges as follows:

1.      This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

2.      Ron Brown is a detainee at Cook County Jail assigned jail number 20190116223. The jail has plaintiff booked under the name "Ron A. Browning."

3.      Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official and individual capacity.

4.      Defendant Cook County shares responsibility with defendant Dart for providing medical care for inmates remanded to the Sheriff's custody and is also joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

5.      Plaintiff suffers from several serious chronic medical conditions pertaining to a stroke several years ago. He is 72 years old and is substantially limited in the ability to move from place to place. Plaintiff is medically fragile.

6.      From September 12, 2019 to March 24, 2020, the plaintiff was assigned to Tier  3C, a dorm that holds about 38 inmates in the Residential Treatment Unit (RTU). The plaintiff was assigned to this division due to  his serious medical condition.

7.      It is common knowledge that jails and prisons are breeding grounds for infections respiratory illnesses. Tuberculosis, for example, is a bacteria which is significantly less transmissible than coronavirus yet has been responsible for numerous outbreaks of illness in prisons and jails over the years. For this reasons, the Centers for Disease Control and Prevention (the "CDC") still recommends screening for this condition in jails and prisons.

8.      Since January of 2020 the Sheriff and County have been aware that the coronavirus poses a significant risk to the health and well-being of inmates at the jail. Defendants also have been aware it is necessary to adhere to guidelines issued by the CDC for preventing the spread of the virus which included social distancing, handwashing and respiratory hygiene.

9.      Tier 3C is a congregate housing setting with a large number of inmates living in close-quarters. Inmates share showers, bathrooms, and a dayroom which makes social distancing impossible. It is not suitable for mass quarantine or isolation.

10.      At all times relevant, the Sheriff and County failed to take reasonable measures to protect medically fragile inmates, like plaintiff, from contracting the coronavirus.

11.      Defendants housed inmates, like plaintiff, in large group setting where social distancing was not feasible. The defendants did not distribute facemasks, provide readily available disinfectants, or alcohol-based hand sanitizer. Moreover the jail's staff did not regularly sanitize common areas such as the showers, bathrooms and eating areas in Tier 3C to prevent the spread of the virus.

12.      At all times relevant, defendants Sheriff and Cook County knew the implementation and enforcement of social distancing, surgical mask use, increased access to soap and alcohol-based hand sanitizer, and enhanced cleaning and disinfectant practices likely reduced the spread of the virus.

13.       By March several inmates assigned to plaintiff's dorm exhibited symptoms of coronavirus. The plaintiff complained to the jail's staff about the dangerous conditions of confinement and the inability to maintain

safe distance from the ill inmates. In a grievance dated March 20, 2020, the plaintiff stated:



14.     Despite this obvious sign that many inmates assigned to Tier 3C were sick and the objectively unreasonable conditions of confinement, the defendants failed to take reasonable measures to protect plaintiff from the virus.

15.     Prior to April 7, 2020, the rapid point-of-care testing platform for cornavirus was not administered to inmates because staff was not trained. This severely limited the ability to protect inmates from the spread of the virus.

16.     By March 24, 2020 the plaintiff became very sick with a temperature of approximately 102 degrees. After an evaluation by a doctor in the Cermak Urgent Care Clinic, the plaintiff was transferred to St. Anthony Hospital for treatment.

17.     While at the hospital the plaintiff was treated for the coronavirus and related symptoms including extreme weakness, difficulty breathing, and significant pain.

18.     The Sheriff instructs correctional officers to shackle by hand and foot all seriously ill inmates hospitalized at Stroger and other outlying hospitals.

19.     Consistent with Dart's instruction, correctional officers assigned to guard inmates at outlying hospitals engage in a widespread practice of shackling inmates to the bed.

20.     Sheriff Dart has personal knowledge of a widespread practice to shackle seriously ill inmates at outlying hospitals because he is involved with setting policy for the correctional staff and has issued public statements regarding this practice for years.

21.     Sheriff Dart also has knowledge the practice of shackling seriously ill hospitalized inmates may violate the United States Constitution because of the Seventh Circuit's decision in *May v. Sheahan*, 226 F.3d 876 (7th Cir. 2000).

22.     Plaintiff was released from St. Anthony on April 17, 2020 and returned to Cook County Jail.

23.     While detained at St. Anthony the continuous restraint of plaintiff's hand and foot caused significant pain. The restraint also significantly limited the plaintiff's ability to position himself on his stomach, pursuant to advice from the medical staff, to assist with breathing and reduce stress on his strained lungs.

24.     Dart's widespread restraint practice, applied to plaintiff, was excessive, caused gratuitous pain, and violated plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

25.     Defendants Dart and Cook County also violated plaintiff's rights because the conditions of confinement posed an unreasonable risk to his health. At all times relevant, defendants knew of the serious risk of harm caused by the coronavirus, but failed to take reasonable measures to protect medically fragile inmates, like plaintiff housed in a dorm, from contracting the virus.

26.     Plaintiff seeks trial by jury for his damage claim.

It is therefore respectfully requested that the Court award compensatory damages for plaintiff, that the Court award punitive damages against Defendant Dart, and that the costs of this action, including attorney's fees, be taxed against defendant Cook County.

/s/  Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10150 S Western Ave. Ste. Rear
Chicago, IL. 60643
(773) 233-7900
patrickmorrissey1920@gmail.com